UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELE SIMS-PESNAUX | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-03539 |
| | ) |
| v. | ) |
| | ) |
| COOPER'S HAWK INTERMEDIATE HOLDING, LLC, | ) |
| | ) |
| | ) **Jury Trial Demanded** |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Michele Sims-Pesnaux ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Cooper's Hawk Intermediate Holding, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant was a limited liability company doing business in and for Cook County whose address is 58 East Oak Street, Chicago, IL 60611.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a lead pastry chef from September 6, 2022 until her unlawful termination on or around November 6, 2022.

12. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

13. Plaintiff is female and is a member of a protected class because of her sex.

14. Since at least October 2022 through November 6, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

15. On or around October 2022, one of Defendant's employees, William Altnyer (male) began sexually harassing Plaintiff on the basis of her sex (female).

16. At this time, Plaintiff was dropped off at work by her husband and immediately began to be interrogated by Mr. Altnyer.

17. Mr. Altnyer asked Plaintiff, "Who are you texting?," "How many spouses do you have?," and "Would you have sex with any of the coworkers here?"

18. Plaintiff attempted to deflect Mr. Altnyer's questions despite how offensive and uncomfortable they made Plaintiff feel.

19. Nonetheless, Mr. Altnyer persisted to ask unwanted sexually-charged questions to Plaintiff that include, but are not limited to, the following:

    a. "Are you having sex with anyone here?"

    b. Why don't you wear a ring since you're married?"

    c. "How many times have you been married?"

    d. "Who would you have sex with here?"

    e. "Have you had sex with anyone here?"

20. Defendant is subject to automatic liability for the sex-based harassment/discrimination perpetrated by its employees acting within the scope of their employment pursuant to the doctrine of *respondeat superior* and by virtue of the agency relation.

21. Mr. Altnyer would consistently make inappropriate comments and inquire about Plaintiff's sexual relations with her husband.

22. On or around October 17, Plaintiff could not endure Mr. Altnyer's sexual harassment in silence any longer and engaged in a protected activity to report Mr. Altnyer's harassment to assistant general manager Michael Lettiere (male).

23. Upon information and belief, no steps were taken by Defendant to investigate Plaintiff's complaint or prevent future harassment of Plaintiff.

24. On or around October 21, 2022, Plaintiff again engaged in a protected activity and lodged a second complaint against Mr. Altnyer to general manager Amanda Springmeier (female).

25. Ms. Springmeier dismissed Plaintiff's complaint in turn and told Plaintiff, "Well, do you think that's [referring to the sexual harassment perpetrated by Mr. Altnyer] what happened? You might be taking it differently than it is."

26. Again, Defendant failed to investigate or take remedial action to prevent further sexual harassment of Plaintiff.

27. Following Plaintiff's report to Ms. Springmeier, she felt as if she was being victim-blamed and that her concerns were not being taken seriously.

28. As a result, Plaintiff felt ostracized, unsafe, and anxious at work.

29. Other similarly situated employees (male) were not subject to the same sexual harassment and sex-based discrimination as Plaintiff.

30. On or around November 6, 2022, Plaintiff received a text message from Mr. Altnyer that said, "Don't come in, Amanda [Ms. Springmeier] wants to speak with you."

31. Later that same day, Ms. Springmeier terminated Plaintiff's employment.

32. Defendant gave no reason for Plaintiff's termination.

33. Subsequent to Plaintiff's second report of sexual harassment, Plaintiff was retaliated against for exercising her protected rights and her employment was terminated.

34. In other words, Plaintiff was targeted for termination because of her sex, (female).

35. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

36. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

37. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her managers about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

40. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

41. Defendant knew or should have known of the harassment.

42. The sexual harassment was severe or pervasive.

43. The sexual harassment was offensive subjectively and objectively.

44. The sexual harassment was unwelcomed.

45. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

46. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

47. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

49. Plaintiff met or exceeded performance expectations.

50. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (male).

51. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

52. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex, female.

53. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

55. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

56. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to her sex, female.

57. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

58. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

59. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

60. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

61. Plaintiff has suffered an adverse employment action in retaliation for engaging in a protected activity.

62. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of June, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*